UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LONG ROCKWOOD VII, LLC, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ROCKWOOD LODGE, LLC, et al, <br><br> Defendants. | Case No 2:14-cv-00318-REB <br><br> **MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Plaintiffs' Motion for Leave to File a Second Amended Complaint, (Dkt. 64), filed on February 20, 2016. On January 26, 2016, the Court issued a Memorandum Decision on Defendant's Motion for Summary Judgment. In this decision, the Court ruled that while Plaintiff's fraud-based causes of action could proceed to trial, certain other claims, notably Count II, which was pled as a breach of contract claim but in fact alleged a violation of the covenant of good faith and fair dealing, would be dismissed. The case is currently set for a seven-day bench trial, to begin on November 28, 2016. Although the deadline to amend the pleadings passed on October 15, 2014, Plaintiffs now seek leave to amend their Complaint a second time in order to bring a claim for breach of contract. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and other written submissions. Accordingly, in the interest of avoiding further delay, and because

ORDER ON MOTION TO AMEND - 1

the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the briefs and affidavits. Dist. Idaho Loc. Civ. R. 7.1. For the reasons that follow, the Court denies the motion.

## ANALYSIS

Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint or other pleading shall be freely given where justice so requires, Rule 15(a) is not the only operative rule in this context. In order to establish a right to amend their Complaint at this point, Plaintiffs must first demonstrate that they are entitled to relief from deadlines imposed by the Case Management Order (Dkt. 14). When it comes to seeking relief from Court imposed deadlines, Rule 16, not Rule 15, is the primary operative rule. "A party seeking to amend a pleading after the date specified in the scheduling order must first show good cause for amendment under Rule 16, then if good cause be shown, the party must demonstrate that amendment was proper under Rule 15." *Johnson v. Mammoth Recreation, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992). Rule 16's good cause inquiry focuses primarily on the diligence of the party requesting the amendment. *Id.* at 609.  As the Ninth Circuit has explained:

> Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)' s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. . . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not

ORDER ON MOTION TO AMEND - 2

diligent, then the inquiry should end.

*Id.*

Plaintiffs' initial briefing simply skips the Rule 16 analysis, focuses entirely on the liberal amendment policy of Rule 15(a). (Dkt. 64). That brief, as well as the Declaration of Milton Rowland (Dkt. 65) both argue that prior to the time when the deadline for amending the pleadings passed, Plaintiffs' counsel had no information about what information the Defendants had disclosed to the Wolff Company (an entity that is not a party to this lawsuit) regarding the decking conditions at a similar apartment complex. (Rowland Decl., Dkt. 65 at ¶¶ 3-4). Mr. Rowland also contends in his declaration in support of the motion that even though he had not drafted the initial complaint, he believed that "[u]nder the liberal notice pleading standards of the Federal Rules of Civil Procedure...Count I of Plaintiffs' First Amended Complaint was broad enough to cover breach of the contract by failing to make the same disclosures to plaintiffs that were made to The Wolff Company during the summer of 2011."[1] (*Id.*, ¶ 6.)

---

[1]As discussed in the Court's ruling on the summary judgment issues, the "notice" of the claim contained in the Amended Complaint was specific only in the context of the breach of contract claim being described as invoking a duty of "good faith and fair dealing," and a breach of that duty. There was no specific mention of any particular duty owed under the specific contract provisions, nor any specific allegations of any corresponding breach. At a minimum, a complaint must state "who is being sued, for what relief, and on what theory, in enough detail to guide discovery." *McHenry v. Renne* 84 F.3d 1172, 1178 (9th Cir. 1996). Although one might believe that a claim denominated as "breach of contract" was sufficient to make a claim for breach of an express contract provision under notice pleading requirements, the Court is required to primarily consider not the title or label affixed to the cause of action, but the definition to that claim given in the body of that claim, which in this case referred only to the duty of good faith and fair dealing. And, as explained in the Court's Memorandum Decision on the Motion for

ORDER ON MOTION TO AMEND - 3

Though the briefing on this point is not entirely clear, Plaintiffs make these assertions presumably to suggest that the basis for the breach of contract claim could not have been discovered prior to obtaining the information about disclosures made to the Wolff Company. However, the alleged failure on the part of Defendants to disclose the defects in the decks at the Rockwood Lodge has been part of this case from its inception. The allegation that Defendants knowingly failed to disclose known material defects was central to Plaintiffs' fraud-based claims, and indeed, the fraud-based counts in the Amended Complaint specifically alleged that Defendants had a duty to speak because the fact of the faulty deck construction was known to them. (Dkt. 19 at p. 10-11). Further, the Purchase and Sale Agreement, including the critical language at Clause 12 that Plaintiffs identify as the source of express contractual duties, clearly has been in their possession all along. The fact that Plaintiffs may have discovered information that strengthened the knowledge prong of their claims after the deadline for amending the pleadings passed has no bearing on the question of whether a straight breach of contract claim could have been asserted earlier. Even under the liberal Rule 15 standards, "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the

---

Summary Judgment, that theory is not co-extensive with a claim for an express contractual breach. Hence, even if reasonable minds might have differed as to whether Count I of the Amended Complaint would suffice to allege a breach of contract claim under notice pleading standards, as Plaintiffs now contend they believed, there was no guarantee that the claim would withstand a challenge from Defendants, as ultimately followed.

ORDER ON MOTION TO AMEND - 4

party seeking amendment since the inception of the cause of action." *See Acri v. International Ass'n. of Machinists and Aerospace Workers,* 781 F.2d 1393, 1398 (9th Cir.1986).

In their reply brief, Plaintiffs respond to Defendants' focus upon Rule 16 standards and cite several decisions for the proposition that a party meets the good cause/diligence standards if he or she can demonstrate that the new defense or cause of action did not come to light until after the deadline for amendments had passed. These cases, however, are distinguishable. *Capistrano Unified School District,* 656 F.Supp.2d 1190, 1194-95 (C.D. Cal. 2009) involved First Amendment claims against a school district, based upon a teacher's "continuous and incessant" statements of personal beliefs that allegedly violated the Establishment Clause. After the court ruled on summary judgment that only one of the "continual and incessant" comments actually violated the Establishment Clause, the defendants moved to include a defense of qualified immunity. (The reason for this request was that it was not "clearly established" at the time of the events giving rise to the lawsuit that a single, isolated statement of a teacher's personal beliefs in a year-long course could trigger an Establishment Clause violation). Though the deadline for amending the pleadings had passed at that point, the court allowed the defendants to amend because the qualified immunity defense only became clear when the district court's ruling significantly shifted the landscape of the claims, whittling down numerous allegedly unconstitutional statements to a single one.

Similarly, in *T. Dorfman, Inc. v. Melaleuca,* 2013 WL 5676808 (D. Idaho 2013),

ORDER ON MOTION TO AMEND - 5


one basis for granting the motion was that Plaintiffs had immediately sought leave to amend after the additional context supporting their new claims became clear. Here, although Plaintiffs allege that the strength of the potential breach of contract claim became clear once the Wolff Company representatives were deposed in early 2015, the request to amend did not follow until over a year later, in February of 2016. The other case cited by Plaintiffs, also out of the District of Idaho, involved a request to amend a scheduling order that had been essentially inoperative for some time due to the case's unique procedural posture. *See, Pinnacle v. Great Plains Operating Co., LLC v. Wynn Dewsnup Revocable Trust, No. 4:13-CV-00106-EJL-CW,* 2015WL 759003. Because of that procedural posture, the plaintiff had been unable to pursue any discovery to confirm that basis for its potential fraud-based claim before the amendment deadline passed and the relief was granted. *Id.* at * 3.

     Factual discovery in this case closed on August 1, 2015, and the deadline for dispositive motions was September 1, 2015.  (Case Management Order, Dkt. 27). Consequently, some prejudice does flow from the late request to amend the complaint, because the late nature of that motion effectively deprived Defendants of the opportunity to fully contest the merits of an express breach of contract claim. The fact that there may be, and likely is, overlap between the factual and legal issues raised by an express breach claim and those raised by the fraud-based claims does not alter this conclusion. A defendant to a lawsuit must to be given adequate opportunity to explore various avenues of defense for *each* of the claims brought against him or her.  The Court cannot simply

ORDER ON MOTION TO AMEND -  6

declare that the issues raised by a potential breach of contract claim have already been covered.[2] In any event, the existence of prejudice is less significant when a party was not diligent in seeking to amend under Rule 16, given the Ninth Circuit's instructions that the trial court's "inquiry should end" at that juncture.[3]

The question raised by Plaintiffs' motion to amend is always a difficult one, but it is a question that implicates the requirements imposed by the Court upon this case (and, for that matter, every case) to identify and set out where deadlines are drawn about the nature of the case as it begins, as it proceeds, and where it ends. To have any meaning at all, there must be finality to such deadlines at various stages along the way and one such important stage is the deadline for amendment of pleadings and the addition of new parties. Indeed, Plaintiffs took several steps along the way to remodel the nature of their claims and the parties against whom they were asserted before those deadlines, consistent with the opportunity under the civil rules and the Court's scheduling order. Only after the Court granted summary judgment against Plaintiffs on their breach of contract claim, did Plaintiffs seek to amend that claim. Under Rule 16, for relief from such deadlines

---

[2] Additionally, the impact upon the Court's docket is also an important consideration, as the purpose of the scheduling order is in part to keep the parties on task and moving forward with the case, and to keep the Court's docket moving forward as well.

[3] Plaintiffs rely on an Eighth Circuit case, *Dennis v. Dillard Dept. Stores, Inc.,* 207 F.3d. 523 (8th Cir. 2000) for the proposition that if a failure to include a defense or claim is an oversight that can be corrected by reopening discovery, or requiring the party seeking amendment to pay costs, that Courts should in such cases allow the amendment. However, the case does not discuss Rule 16 and would also appear to be at odds with the Ninth Circuit's clear instruction in *Johnson* that district courts focus on the diligence/good cause standards.

ORDER ON MOTION TO AMEND - 7

requires good reason to step back from the otherwise already settled landscape of the lawsuit. In the exercise of the Court's discretion, for the reasons set out in this decision, the Court concludes that the good cause required for the Court to grant such a motion is simply not present on this record.

## ORDER

1. The Motion to Amend (Dkt. 64) is **DENIED.**



DATED:  **June 7, 2016**

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge